IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

FREDERICK GODWIN                                               PLAINTIFF

vs.                                                            No. 1:05CV34-D-D

THE UTILITIES COMMISSION OF
THE CITY OF COLUMBUS, MISSISSIPPI                       DEFENDANT

OPINION GRANTING IN PART MOTION FOR SUMMARY JUDGMENT

Presently before the court is the Defendant's motion for summary judgment. Upon due consideration, the court finds that the motion should be granted in part and denied in part. The motion shall be granted as to the Plaintiff's claim under the Family and Medical Leave Act, and that claim shall be dismissed. The motion shall be denied as to the Plaintiff's claim under the Americans with Disabilities Act, and that claim shall proceed to trial.

*A. Factual Background*

The Plaintiff was employed by the Defendant as a water treatment operator from December of 1992 until his termination from employment on September 4, 2004. After his termination, the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission alleging disability discrimination, and he was issued a right-to-sue letter on November 23, 2004. The Plaintiff commenced this employment discrimination action on January 28, 2005, asserting that the Defendant terminated his employment in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (ADA), and the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 - 2654 (FMLA). Thereafter, the Defendant filed the pending motion for summary judgment, seeking dismissal of the Plaintiff's claims.

*B. Summary Judgment Standard*

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to go beyond the pleadings and "by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. That burden is not discharged by mere allegations or denials. Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Celotex Corp., 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

*C. Discussion*

The Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 - 2654 (FMLA) provides that an "eligible employee" is entitled to a total of twelve workweeks of unpaid leave during any twelve

month period because of a serious health condition that makes the employee unable to perform the functions of his position. 29 U.S.C. § 2612. The FMLA also states that employee leave is only protected under the FMLA if the employee provides the employer with at least 30 days notice before the leave is to begin, or if the leave is to begin in less than 30 days, to provide such notice as is practicable. 29 U.S.C. § 2612(e)(2)(B).

The Plaintiff, who has long suffered from bipolar disorder, asserts that he was terminated, *inter alia*, as a result of his taking medical leave and being hospitalized because of his mental condition. The Plaintiff, on Saturday morning, September 4, 2004, was on the job at the Defendant's north water plant with a new trainee. At some point during the day, the Plaintiff left his post (and the new trainee) and traveled to his supervisor's home, even though he admittedly knew that his supervisor was not home and could be reached by cell phone instead. Although his supervisor was not home, his supervisor's wife and one of their sons, who is a local Deputy Sheriff, were there. Shortly after arriving at the home and being invited inside, the Plaintiff began acting strangely and went outside, got into the son's Sheriff's patrol car and attempted to crank it. This caused a conflict which resulted in the Plaintiff being arrested and taken to the Lowndes County Jail, where he remained until Monday, September 6, 2004, when he was taken to Baptist Memorial Hospital's Willowbrook mental health facility in Columbus. The Plaintiff remained at that facility for several days and received treatment for his bipolar disorder.

The court finds that the Plaintiff's FMLA claim is without merit on two grounds. First, as is noted in the FMLA's statutory language, only eligible *employees* are afforded a remedy under the FMLA. See 29 U.S.C. § 2612(a)(1) ("an eligible employee shall be entitled to a total of 12 work weeks . . ."). The Plaintiff was not an "eligible employee" at the time he received medical attention

3

for his condition because he had already been terminated some two days prior to his hospitalization. See, e.g., Brohm v. JH Properties, Inc., 149 F.3d 517, 523 (6th Cir. 1998). In any event, even if the Plaintiff was an eligible employee, the Plaintiff did not give any notice whatsoever, formal or informal, to his employer that he was requesting FMLA leave, as is required before leave can be protected by the FMLA. 29 U.S.C. § 2612(e)(2)(B); Henson v. Bell Helicopter Textron, Inc., 128 Fed. Appx. 387, 393 (5th Cir. 2005); Seaman v. CSPH, Inc., 179 F.3d 297, 302 (5th Cir. 1999); Manuel v. Westlake Polymers Corp., 66 F.3d 758, 764 (5th Cir. 1995). Instead, the Plaintiff, for reasons unknown to anyone other than perhaps himself, went to his supervisor's home at a time when he knew his supervisor was not home, started an altercation after attempting to crank a Lowndes County Sheriff's Department patrol car, was arrested and held in jail for two days, and was then transported to a mental health facility where he remained for several days receiving treatment for his mental health condition. His employment was terminated on the same day that he left his post and traveled to his supervisor's home, some two days before he was hospitalized. Thus, no notice of the Plaintiff's need for FMLA leave was ever communicated to his employer. Had the Plaintiff called his supervisor on September 4, 2004, and informed him of the need for FMLA leave, sufficient notice might have been given, assuming *arguendo* that the Plaintiff qualified as an eligible employee. Instead, no notice whatsoever was given and the Plaintiff was terminated prior to his hospitalization, thus rendering the FMLA inapplicable.

Thus, in accordance with the plain language of the FMLA and applicable precedent, the court finds that the Plaintiff is unable, as a matter of law, to state a case of FMLA discrimination under the facts of this case. No genuine issue of material fact exists and the Defendant is entitled to judgment as a matter of law. Accordingly, summary judgment is appropriate.

As for the Plaintiff's remaining claim, for ADA discrimination, the court finds that the Defendant's motion for summary judgment should be denied. The court finds that genuine issues of material fact exist and that the Defendant has failed to show that it is entitled to judgment as a matter of law. In any event, the court has the discretion, which it exercises here, to allow the Plaintiff's ADA claim to proceed to trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986) ("Neither do we suggest ... that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial.").

### D. *Conclusion*

In sum, the court finds that the Defendant's motion for summary judgment should be granted in part and denied in part. The motion shall be granted as to the Plaintiff's claim made pursuant to the Family and Medical Leave Act, and that claim shall be dismissed. The motion shall be denied, however, as to the Plaintiff's ADA claim; that claim shall proceed to trial.

A separate order in accordance with this opinion shall issue this day.

This the 27th day of July, 2006.

/s/ Glen H. Davidson
Chief Judge